HOTCHKISS (MANCHESTER v.). See Case No. 9,004.

## Case No. 6,718a.

### HOTCHKISS v. NEW YORK & V. S. S. CO.

[22 Betts, D. C. MS. 41.]

District Court, S. D. New York. 1853.

COLLISION—SIGNAL LIGHTS.

[A schooner standing on her starboard tack in the James river discovered the lights of a steamer 15 minutes before the collision, and did not change her course. She was discovered by the pilot of the steamer in ample time to have avoided the collision. Held, the night being clear, that she was not in fault in not exhibiting a signal light. and the steamer should be held liable.]

[This was a libel by George Hotchkiss against the New York & Virginia Steamship Company for collision.]

THE COURT (BETTS, District Judge) held: (1) That the steamer, in the nighttime, was going up the James river at moderate speed where the channel lay east and west, and on her course W., ½ N., by compass, and the schooner, with the wind baffling from S. & E. & W. of S., was keeping her course down the river, steering by points of land. (2) That at the time of the collision the schooner was on the wind, on a course down the James river, near the middle of the channel, having recently tacked, and was inclining towards the south side thereof, on her starboard tack, with the wind

about two points free. (3) That the steamer was at the time near the middle of the channel. There were light clouds in the atmosphere, but it was starlight, and sufficiently clear to enable the steamer, with a careful watch properly placed, to have seen the schooner a sufficient distance off to avoid her. (4) That the schooner saw the lights of the steamer approaching 15 minutes or more before the collision. She did not change her course to the northward, or interfere with the movement of the steamer, after taking her starboard tack as aforesaid; and that the steamer when she discovered the schooner ported her helm supposing herself a-larboard and to leeward of the schooner, but in the collision she was on the starboard side of the schooner and to windward of her. (5) That the schooner was in fault in not exhibiting a signal light when she found the steamer approaching upon her, but that omission was not the cause of the collision, because the steamer made out the schooner and ascertained that she was under way descending the river, when ¼ of a mile or more from her, and in time, if proper measures had been properly taken, to stop her own progress or keep out of the way of the schooner. (6) That the steamer does not prove she had a lookout stationed forward who was attentive to his duties, nor but that, if one had been exclusively engaged there in that business, that the schooner might have been discovered a far greater distance up the river than she was actually seen at the time. Testimony, not taken from the schooner, proves that she could have been seen at the time a mile or more off, down or across the river, and no impediment to an equal range of sight up the river is shown by this proof. (7) It is not proof of due diligence on the part of the steamer merely to give evidence that a lookout was stationed ahead, without further evidence that he was diligently and faithfully occupied in the business of a lookout, particularly when the vessel collided with was discovered by the man at the wheel of the steamer before any report or warning was given by the lookout of her approach. To exonerate the steamer from blame in this respect it must be made clearly to appear that her crew were so stationed and observant of their duty that she could, but for inevitable accident, have prevented the collision. (8) That the attention of the first mate, who was also pilot, was at the time chiefly occupied with the soundings, and with the compass, and the course of the ship, and that he did not descry the schooner under those circumstances until within ¼ of a mile from him, affords slight evidence that she was so hid by the state of the atmosphere as not to be discernible sooner. (9) That whilst the general arrangements on board the ship, for her own safety and that of other vessels, in case of meeting in the nighttime, and the moderate speed at which she was running, were all judicious and commendable, the decided weight of proof is, that in this instance, the steamer came upon the schooner, through the omission of those conducting the steamer to exercise a proper degree of prudence and vigilance in looking out ahead, or in the maneuver made when the schooner was discovered.

The court is accordingly bound to hold the steamer responsible for the damages sustained by the schooner in the collision. The usual reference ordered.